Judge Robertson
delivered the opinion of the court.
Bv an act of the legislature, (Session acts 1817, pa. 450) the trustees of Paris are authorized to graduate and pave the streets of the town, and to require each owner of ground on the streets so to be improved, to execute or bear the burthen of executing the improvement opposite to and co-extensive-]y with his ground; in the event of a failure or refusal to do'which, a fine of two dollars for every twenty-four hours delinquency, was allowed to be enforced,
The trustees accordingly projected and commenced the improvements, and proceeded without any serious obstacle, until they reached Berry, who lived on a street, which, being too high, opposite to his lot, it was necessary to cut lower. He was required to make the necessary depression for the projected graduation. Some individuals who lived opposite to parts of streets which were too low, and whose duty, therefore, it was to elevate them, proposed to Berry that they, would, without charge, dig down the elevation opposite to him, for the use of the dirt and rock, for filling up the streets opposite to them. But he refused to do the work himself or to permit others to do it. Consequently, the trustees proceeded to inflict fines.
To injoin these and prevent the enforcement of the duty imposed on him, and restrain the graduation. *484 of the street on which he lived, Berry filed his bill is chancery, with injunction. He relied on three grounds.
That the proposed improvement was unnecessary and would injure his property.
2d. That the burthen imposed on him was oppressive; and,
3d. That the act of the legislature was unconstitutional.
The circuit court, on final hearing, perpetuated so much of the injunction as restrained the collection of the fines, and exempted Berry from the work. But allowed the trustees to proceed with the contemplated graduation, by the employment of the requisite labor, with the town funds, or by a tax on the property and citizens of the town jointly.
To reverse this decree, the trustees have prose-t cuted a writ of error with a supersedeas.
The jurisdiction of the chancellor is seriously doubted. If the trustees were abusing their power, or attempting, without power, to enforce an onerous service on Berry, a common law tribunal affords him ample redress. It is not alleged that any irreparable injury would result from the enforcement of the act of the legislature, as applied to Berry by the order of the trustees. The chancellor will not, as a general rule, injoin a trespass. But waiving this point, we will briefly notice the merits. There is no evidence that the graduation which is resisted by Berry, would be injurious to him, or to the town. On the contrary, it appears that it would be advantageous to both. Nor does it appear that the duty imposed on Berry, would be oppressive to. him, or would exceed that which other citizens performed promptly and cheerfully. Indeed it is shown that others would have been glad of the privilege of doing the most of the work for him, without any expense to him. The chief objection, therefore, to the constitutionality of the act of assembly, fails entirely.
There is power to compel citizens to labor on roads qr streets, ancl tp assign to each a designated portion, *485 /iiiá Ibero must be subsidiary power to enforce this principal power. The imposition of fines, is the most usual as well as the most fitting expedient for coercion. We cannot say that the fine in this case is excessive or unreasonable; or that there is any thing outrageous, or oppressive, or unequal in the requisition, which has been made of Berry. If the trustees had power to require him to work on the streets, they had a right to exact of him work on a particular part of them. How much it would be just to require of him, would depend on the end to be accomplished, and the means of effecting it, by an equalization of labor or of money. It is not even shown that, this rule of equality and distribution has been transcended; and if it had been, that would not, necessarily affect the question of power.
Mills, for plaintiff; Talbot, for defendant,
Wherefore, the court erred in sustaining the in-junctiqn to any extent, or for any purpose, and, therefore, the decree is reversed and the cause remanded with instructions to dissolve the injunction and dis-’ miss the bill.